**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ERENIA DELEON,**

        Plaintiff,

-vs-                                         Case No. 6:13-cv-148-Orl-28TBS

**SUNTRUST MORTGAGE, INC., ANY AND
ALL UNKNOWN PARTIES,**

        Defendants.

## ORDER

On January 25, 2013, Defendant SunTrust Mortgage, Inc. removed this quiet title action from state court, invoking this Court's diversity jurisdiction. (See Notice of Removal, Doc. 1). Plaintiff has filed a Motion to Remand (Doc. 18), arguing that this court lacks subject matter jurisdiction and that Florida state courts have exclusive jurisdiction over quiet title actions. Defendant has filed a Response (Doc. 19). As set forth below, Plaintiff's motion is denied.

"On a motion to remand, the removing party bears the burden of showing the existence of federal subject matter jurisdiction." Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009). SunTrust has met that burden here. There is no dispute that the parties are diverse, and SunTrust has presented evidence that the amount in controversy exceeds $75,000 whether the amount is determined from the value of the property at issue or the amount of the outstanding mortgage.

Furthermore, Plaintiff's argument that the state court has exclusive jurisdiction over this case is without merit. Chapter 65, Florida statutes, does not deprive this Court of jurisdiction, and the "prior exclusive jurisdiction doctrine" does not apply here. "The doctrine of prior exclusive jurisdiction applies to a federal court's jurisdiction over property only if a state court has previously exercised jurisdiction over that same property and retains that jurisdiction in a separate, concurrent proceeding. Where, as here, the defendant appropriately removes the case to federal court, the state court's jurisdiction over the property terminates, and the federal court's jurisdiction begins." Sexton v. NDEX West, LLC, No. 11-17432, 2013 WL 1490584, at *2 (9th Cir. Apr. 12, 2013) (citations omitted); accord Murphy v. Aurora Loan Servs., LLC, 699 F.3d 1027, 1032 (8th Cir. 2012) ("Leaving aside the question of whether any of the [h]omeowners' claims can be characterized as *in rem* or *quasi in rem*, the doctrine [of prior exclusive jurisdiction] does not apply to removal actions because the state court loses jurisdiction over a removed suit.").

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion to Remand (Doc. 18) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida this 30 day of April, 2013.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

-2-