**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ERENIA DELEON,**

        **Plaintiff,**

**-vs-**                                                **Case No. 6:13-cv-148-Orl-28TBS**

**SUNTRUST MORTGAGE, INC., ANY**
**AND ALL UNKNOWN PARTIES,**

        **Defendants.**

_____

# ORDER

Plaintiff filed this quiet title action in state court in December 2012, and SunTrust Mortgage, Inc., removed it to this Court. (See Docs. 1 & 2). The case is now before the Court on SunTrust's Motion to Dismiss (Doc. 6) and Plaintiff's Opposition (Doc. 17).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

"A quiet title claim requires that a plaintiff plead facts that show 1) the plaintiff holds title to the property in question; and 2) a cloud on title exists." Pounds v. Countrywide Home

Loans, Inc., No. 12–60692-CIV, 2012 WL 4194420, at *2 (S.D. Fla. Sept. 19, 2012) (internal quotation and citation omitted). "To assert a cloud on title, a plaintiff must set forth the matter that constitutes the alleged cloud, facts that give the claim apparent validity, and facts that show its invalidity." Id. Ultimately, "[i]n suits to quiet title the burden of proof rests on the plaintiff to show with clearness, accuracy and certainty not only the validity of h[er] own title but the invalidity or inferiority of the defendant's title or claim." Palmer v. Greene, 31 So. 2d 706, 708 (Fla. 1947).

Plaintiff seeks to quiet title to property of which she is in possession in Altamonte Springs, Florida, and as to which SunTrust has recorded a mortgage. (See Compl. ¶¶ 3-4). Copies of a warranty deed and the recorded mortgage are attached to the Complaint. (Exs. A & B to Compl.). Plaintiff alleges that she has demanded that SunTrust prove that it lent Plaintiff money and that SunTrust has failed to do so. (Compl. ¶¶ 5-6). Plaintiff alleges that because SunTrust has failed to prove to Plaintiff that it lent her money, SunTrust does not have a valid "interest in the Property." (Id. ¶ 7).

Plaintiff has not alleged facts sufficient to plausibly support a cloud on title; she has not asserted a plausible basis for the invalidity of SunTrust's recorded mortgage. See 20 Fla. Jur. 2d Ejectment and Related Remedies § 79 ("A cloud on title may be broadly described as an outstanding instrument, record, claim, or encumbrance that is invalid or inoperative but which may nevertheless impair the title to property."). Plaintiff has requested leave to amend, and such leave will be granted.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. SunTrust's Motion to Dismiss (Doc. 6) is **GRANTED**.

    2. The Complaint (Doc. 2) is **DISMISSED without prejudice**.

    3. Plaintiff may file an amended complaint **on or before Friday, May 31, 2013**, if she can plausibly state a viable claim.

**DONE** and **ORDERED** in Orlando, Florida this 30th day of April, 2013.

*[signature]*
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record